We'll hear the next case, Suarez. May it please the Court, my name is Alan Nelson and I represent the appellant Gheer Pellagio Suarez. The question of whether MDLA Section 7504A's provision that the jurisdiction of the United States be determined as a preliminary issue solely by the trial court violates a defendant's Sixth Amendment right to a jury trial remains open in this circuit. Yes, but it is no more raised in this case than it was in Van der Ende, so that the Van der Ende does not cover. Okay. Van der Ende said it can be raised in an appropriate case. If you say that that case, that this case is appropriate to raise it, so is that. We are stuck with Van der Ende. You have to go back and ask for reconsideration in Van der Ende. But we can't do anything, because the case is identical. I wouldn't exactly agree with that, given the language that is in Van der Ende, because in Van der Ende, the Court states, to be clear, we recently recognized that. Speak in the microphone, please. Yes. In Van der Ende, page 12, the panel states, to be clear, we recently recognized that if the issue were properly presented for appellate review, Section 7504A's provision that the jurisdiction of the United States be determined as a preliminary issue. It is no more properly presented for appellate review in this case than it was in Van der Ende. I mean, the issue remains, but it's no more before us than it was before them. If you think that they were wrong in that, and you may be right, you have to go back to them. Well, I've certainly spoken with counsel on behalf of that as to what their position will be as to whether or not they're going to seek rehearing or en banc hearing on the issue before writing to the Court with respect to the decision in Van der Ende and how to proceed today. And I felt that having read what the Court stated in Van der Ende begged the question to be asked by this panel, and that is whether or not 75504's provision is on its face unconstitutional because it denies a Sixth Amendment right. And it seems to be apparently clear that Judge Pooler in Prado was very, very clear about her concern about it. The circuit in the Ninth Circuit in Peralza has specifically held that it's unconstitutional. In the D.C. Circuit in Miranda, in the First Circuit in Gonzales, each has raised the same exact concern. And I would submit that — I understand. I understand. We understand that argument. But in the case of Van der Ende and in your case, there was a plea of guilty. That's correct. And in Van der Ende, we held that the — your client's co-defendant waived any right to a jury trial by pleading guilty. Yes. And that's this case as well. Well, I would submit not exactly. It is both cases, but I think that panel and I'd ask that this panel also think in terms of the specific facts of the case there as they relate to the plea of guilty. In the district court level, there was a hearing conducted before Judge Sullivan to make a determination as to whether or not the government had shown, by a preponderance of the evidence, whether or not the scope of the statute applied jurisdictionally. And immediately afterwards, literally an hour later, both defendants pled guilty at that time. So in essence, as a result of the district court making a determination factually, which was before a judge, by a preponderance of the evidence. I hear you. And it may be that that meant that it was saved in Van der Ende. But what is the difference between this case and that? You must understand that we are bound by the prior case. So unless you show us a difference, we are bound by it. And you have to go back there and open it. It's my position that in Van der Ende, as in my initial brief in this case, we did not attack the constitutionality of the statute as opposed to whether or not as it applied to the appellant in the case, it was unconstitutional. And those are two rather distinctly different issues. And I would submit that the panel in Van der Ende specifically begged the question, and that's why I wrote to the Court to ask for the opportunity to argue that precise issue, because it is indeed ripe for this Court to consider. The number of MDLEA cases that are being brought in the Second Circuit at this time is the highest in the United States other than in the Ninth Circuit. And in the Ninth Circuit, that's the only circuit that's already ruled that it's unconstitutional. It's time for it to be heard. Rather than waiting while people are in prison for 15 to 20 years, rather than having the opportunity for a reversal, a remand, and a trial where a jury could determine factually, we're here, there really are factual issues on jurisdiction, because here there's an unusual situation. The boat that was involved, the skipper of the boat, showed registration. It turned out that when a determination was made as to whether or not the registration was valid, SVG indicated that, well, it had expired. Well, there was no indication in the record as to whether or not it had expired before or after the boat left. There was no indication in the record as to whether or not the occupants of the boat knew that it had taken place. And there was a real question, which the Van der Ende Court determined was waived, as to whether or not the right to confrontation was waived by not being able to attack the documents or the individuals who presented those documents. And each of those were waived as a result of the preliminary determination by Judge Sullivan, by a preponderance of the evidence, that, well, there's jurisdiction here, so they really had no choice, because they had nothing any longer to litigate any trial of the case. And as the Van der Ende Court ruled, and this Court will rule, the consequence of the plea waives those confrontation arguments that were raised. And I would submit that, to a large extent, the guilty pleas entered here were involuntary. And they were involuntary as a result of the unconstitutional application of the statute and the unconstitutionality of the statute itself in trying to turn a jurisdiction element into a judge-determined right. Thank you. Thank you. May it please the Court. My name is Jason Swergold. I'm an assistant United States attorney in the Southern District of New York. I represent the government on appeal, and I represented the government in the district court. As the Court is aware from the letter that we submitted in response to the Court's order, we do believe that Van der Ende squarely addresses and rejects all of the arguments made by Mr. Suarez, who was his co-defendant. We think that the issue that Mr. Nelson wrote about in his letter was, in fact, waived under the ruling in Van der Ende. And unless the Court has any specific questions for me, we would rest on our submissions. Thank you. You have a brief response. Just for purposes of future consideration, future consideration by this Court, we submit that Congress exceeded its constitutional authority and impermissibly created a preliminary question of law in enacting 7502A. And as Judge Poole observed in Prado, any attempt to construe section 7502A as some middle path that navigates between the choices of jurisdiction, as opposed to an element of the offense, perilously dulls the line between what conduct the statute prohibits and the threshold limitations of a statute's scope. And I urge the Court to consider this either in this decision or in the very near future, because many, many rights. Well, you're saying there's a circuit split at some level, this will go up to the Supreme Court. I believe so. I don't believe there actually is a circuit split at this point. There is one circuit that's ruled upon it and determined the statute to be unconstitutional. Two circuits that have determined that in dicta, that it's unconstitutional, but reversed on other grounds, which is similar to what occurred in Prado. In a — you understand that in a circuit appellate system where we are bound by what other panels have said, that your argument, as Judge Calabresi pointed out, is something that perhaps could be made by the prior panel, to the prior panel, in a rehearing motion. I understand that only too clearly, but as a co-appellate. I understand it's frustrating because you're not the lawyer in the other case. Yes, Judge. There it is. Right. There it is. Thank you. Thank you both for your arguments. We appreciate them.